NO. 07-08-0304-CR

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

FEBRUARY 16, 2010

_______________________

 

MARK EDWARD BOLLES,
APPELLANT

 

V. 

 

THE STATE OF TEXAS,
APPELLEE

_______________________

 

FROM THE 251ST
DISTRICT COURT OF RANDALL COUNTY; 

 

NO. 19606-C;
HONORABLE RICHARD DAMBOLD, JUDGE

________________________

 

 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant, Mark Edward Bolles,
was convicted of two counts of possession of child pornography[1]
and subsequently sentenced to six years in the Institutional Division of the
Texas Department of Criminal Justice (ID-TDCJ) on each count, with the
sentences to be served concurrently.  By
one issue, appellant contends that appellant was denied due process and a fair
trial when the trial court permitted the introduction of other material during
the guilt-innocence phase of the trial. 
We affirm.

 

Factual and
Procedural Background

In November 2007, appellant was working for
Joe Virden at Virden Perma-Built in Amarillo,
Texas.  Appellant had been living at a
shelter located in Amarillo.  Joe Virden
offered to allow appellant to live in the attic of one of the buildings on the
business site.  Additionally, Virden gave
appellant access to a bathroom and a television within the offices of Virden Perma-Built.  The
computer for the operation of the business was located in the same office area
as the television.  On Sunday, January 6,
2008, Virden came to the office to work on a special order.  When Virden booted up the computer, numerous
hard core pornographic images appeared. 
Virden immediately suspected appellant of misusing the office computer
and went to the attic area where appellant slept.  Virden fired appellant on the spot and
ordered him off the premises.  To assist
appellant, Virden provided a number of commercial size trash bags for
appellant’s personal belongings. 
Appellant’s only means of transportation was a bicycle and he could not
carry all of the trash bags at one time. 


The next day,
when Virden came to the office, he found appellant sleeping in the attic.  Again, appellant was ordered off of the
property.  Later the same day, Virden’s
daughter, Terri Harris, was checking the inventory of PVC pipe in a shed
located on the property.  While checking
the inventory in the shed, Harris saw a number of items that did not appear to
belong.  Harris notified Virden, who came
to the shed to investigate.  One item
found in the shed was a white plastic trash bag.  In an attempt to identify what was in the bag
and who it belonged to, Virden looked through the material and discovered
pornographic material.  Virden then
notified the Amarillo Police, who dispatched officers.  The initial officer, Supina,
viewed the material and requested that a detective specializing in crimes
against children be dispatched.  Cpl.
Brian Wallace then went to the Perma-Built site and
looked through the material.  Wallace
testified that he found photographs that he recognized as child
pornography.  After viewing a few of the
items, Wallace asked for permission to search the shed for additional
evidence.  During this search, Wallace
found the two pictures that were the basis of appellant’s indictments.  In addition to the pictures, a number of
documents belonging to and in the name of appellant were found.  Additionally, there were computer generated
pictures of young girls engaged in various sexual acts, magazine advertisements
of children with the heads and faces cut out, adult pornography, and a spiral
notebook with handwritten sexually explicit stories about young females.  

The next day,
January 8, 2008, police were called to an abandoned apartment complex, Jackson
Square Apartments.  An alarm had gone off
and the manager of the property reported that appellant, who had been a tenant,
was trespassing.  Officers found
appellant in one of the abandoned apartments. 
Appellant was arrested for trespassing and taken to jail.  On the way to jail, appellant engaged the
transporting officer in a conversation. 
At this time, without apparent questioning by the officer, appellant
explained that he was trespassing because he had been kicked out at Virden Perma-Built.  He told
the officer he had left some items of personal property in a white trash bag on
the Perma-Built property and hoped to be allowed to
retrieve the property.  Appellant also
advised the officer that he was addicted to pornography and liked the subjects
younger and younger.  A search of the
apartment where appellant was located revealed more of the same type of
material found in the pipe shed at Virden Perma-Built.  Additionally, the police were able to lift
two fingerprints from inside the apartment that were identified as appellant’s.

Although
appellant was initially indicted on three counts of child pornography, the
State abandoned the second count and proceeded to trial on the other two
counts.  Each of the remaining counts
alleged a specific picture that consists of a child younger than 18 years of
age engaging in sexual conduct, either sexual
intercourse or deviant sexual intercourse. 
During the voir dire phase of the trial,
appellant’s trial counsel questioned the prospective jurors about the necessity
of the State proving that the picture was of a child younger than 18
years.  Additionally, appellant’s trial
counsel discussed the difficulty the jurors might have in making a
determination of the age of a person as reflected in a black and white
picture.  During opening arguments, the
defensive theory became even clearer. 
Trial counsel asserted that the jury would not see one piece of evidence
produced by the State proving that the person depicted in the pictures was
actually a child.  Further, appellant’s
trial counsel asserted that the State could produce no one who would say who
the children were or their age.  

During the
State’s case in chief, along with the two photos that appellant was indicted
for, a number of non-pornographic photos of children, some with the heads cut out,
photos of adult pornography, computer generated pictures depicting children in
various sexual acts, termed “child erotica” and “child anime,” and hand written
sexually explicit stories involving young girls were offered into
evidence.  Appellant’s trial counsel
objected to the introduction of these additional materials under Rules 403 and
404 of the Texas Rules of Evidence.  See
Tex. R. Evid. 403 & 404.[2]  The trial court overruled the objections.

After the
evidence was presented, the trial court prepared its charge to the jury.  The Court’s Charge contained a paragraph
admonishing the jury that,

In reference to evidence, if any, that the
defendant has previously participated in other crimes, wrongs or acts, other
than that which is charged in the indictment in this case, you are instructed
that you cannot consider such other crimes, wrongs, or acts, if any, for any
purpose unless you find and believe beyond a reasonable doubt that the
defendant participated in or committed such other crimes, wrongs, or acts, if
any, and even then you may only consider the same for purposes of determining
motive, opportunity, intent, preparation, plan, knowledge, identity, or absence
of mistake or accident, if it does, and for not other purposes.

 

During closing arguments, the State
referenced the disputed evidence when addressing the issue of proof that the
pictures were of children and appellant’s knowledge that they were of
children.  Appellant argued that the
State had failed to carry its burden of proof regarding whether or not the
pictures for which appellant was indicted were in fact those of children under
18 years of age.  Ultimately, the jury
convicted appellant of possession of child pornography and, after hearing the
evidence on punishment, the court sentenced appellant to six years confinement
in the ID-TDCJ, with the sentences to run concurrently.  

Appellant
frames his single issue in terms of a denial of due process and a fair trial by
the admission of the extraneous matters by the trial court.  We disagree with appellant and will affirm
the judgment of the trial court.

 

Analysis

Standard of Review

            Appellant
is complaining of the trial court’s action in allowing certain evidence to come
before the jury.  At trial, appellant’s
objection was based upon Rule 404(b) and Rule 403 of the Texas Rules of
Evidence.  See Tex. R. Evid.
404(b), 403.  Accordingly,
we treat appellant’s issue as an evidentiary issue and not a constitutional
issue.  See George
v. State, 959 S.W.2d 378, 382 (Tex.App.--Beaumont
1998, pet. ref’d); Martin v. State, 176 S.W.3d
887, 897 (Tex.App.--Fort Worth 2005, no pet.).  

Texas Rule of Evidence 404(b) prohibits the
admission of evidence of extraneous offenses committed by the defendant for the
purpose of proving that, on the occasion in question, the defendant acted in
conformity with the character demonstrated by the other bad acts.  See Rule 404(b), Santellan v. State, 939 S.W.2d 155, 168 (Tex.Crim.App. 1997). 
The rule also provides exceptions to this principle when evidence is
admitted to show proof of motive, opportunity, intent, preparation, plan, knowledge,
identity, or absence of mistake or accident. 
Rule 404(b).  If the opponent of
extraneous offense evidence objects on the grounds that the evidence violates
Rule 404(b), the proponent must satisfy the trial court that the extraneous
offense evidence has relevance apart from its character conformity value.  See id.; Montgomery v. State,
810 S.W.2d 372, 387 (Tex.Crim.App.1990) (op. on reh'g).  If the trial court determines the evidence
has no relevance apart from supporting the conclusion that the defendant acted
in conformity with his character, it is absolutely inadmissible.  See Santellan,
939 S.W.2d at 169. 
On the other hand, extraneous offense evidence is admissible if the
proponent persuades the trial court that the extraneous offense evidence tends
to establish some elemental or evidentiary fact or that it rebuts a defensive
theory.  See id. at 168-69; Montgomery, 810 S.W.2d at 387-388.  The trial court’s determination of whether
other bad act evidence has relevance apart from character conformity is
reviewed for an abuse of discretion.  See Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997) (the standard of review on a trial court’s
evidentiary ruling is an abuse of discretion standard); Montgomery, 810
S.W.2d at 394.  As long as the
trial court's ruling was within the zone of reasonable disagreement, there is
no abuse of discretion and the trial court's ruling will be upheld.  Santellan, 939 S.W.2d at 169. 
Once the trial judge has ruled on whether the evidence is relevant
beyond its character conformity value, he has ruled on the full extent of the
opponent's Rule 404(b) objection.   Id.  

            The
opponent must then make a further objection based on Rule 403, in order for the
trial judge to weigh the probative and prejudicial value of the evidence.  Id. 
To exclude extraneous offense evidence under Rule 403, the opponent must
specifically request a Rule 403 ruling.   
See Montgomery, 810 S.W.2d at 388.


            In
the case before the court, appellant’s trial counsel did further object to the
admission of the evidence under Rule  403. 
As in the Rule 404(b) arena, we will again apply an abuse of discretion
standard in analyzing the trial court’s decision to admit this evidence over a
Rule 403 objection.  See Montgomery,
810 S.W.2d at 391. 
In conducting the balancing test regarding admissibility, the trial
court must balance 1) the inherent probative force of the proffered item of
evidence along with 2) the proponent’s need for that evidence against 3) any
tendency of the evidence to suggest decision on an improper basis, 4) any
tendency of the evidence to confuse or distract the jury from the main issue,
5) any tendency of the evidence to be given undue weight by a jury that has not
been equipped to evaluate the probative force of the evidence, and 6) the
likelihood that presentation of the evidence will consume an inordinate amount
of time or repeat evidence already admitted. 
See  Casey
v. State, 215 S.W.3d 870, 880 (Tex.Crim.App.
2007).

Rule 404(b)

            Initially
appellant contends that the photographs and written materials admitted by the
court were inadmissible under Rule 404(b) because they only demonstrated
character conformity.  Rule 404(b);  Santellan,
939 S.W.2d at 169.  However, the record
reveals that during voir dire, opening statements,
questioning of witnesses and closing arguments, appellant’s trial counsel
consistently pounded on one theme.  That
theme was that, there was no evidence produced, or that could be produced,
concerning the age of the person depicted in State’s exhibits 9 and 10.  One of the reasons that extraneous offense
material may be admitted is to rebut a defensive theory put forth by the
defendant.  Id.  The extraneous pictures and stories were
almost totally pictures of young children or stories about young children.  This supports the State’s theory that
appellant knew exactly what he had in his possession and the extraneous pictures
and stories are admissible for that reason. 
Id.  Additionally, the
State was required to prove that appellant possessed the offending pictures
intentionally or knowingly.  See Tex. Penal Code Ann. § 43.26(a) (Vernon 2003).[3]  A person acts intentionally when it is
conscious objective or desire to engage in the conduct or cause the
result.  § 6.03(a).  A person acts knowingly when he is aware of
the nature of his conduct or that the circumstances exist, or when he is aware
that his conduct is reasonably certain to cause the result.  § 6.03(b). 
Normally, the culpable mental state required by a penal statute is
proven by circumstantial evidence.  See
Krause v. State, 243 S.W.3d 95, 111 (Tex.App.--Houston
[1st Dist.] 2007, pet. ref’d).  If appellant is, via his argument at the
trial court, claiming a lack of intent to possess or lack of knowledge that the
materials possessed were child pornography, then these are avenues for the
admission of the extraneous materials.  See Johnson v. State, 932 S.W.2d 296, 302 (Tex.App.--Austin 1996, pet. ref’d).  The possession of similar type of material,
the pictures of children, the child “erotica” or “anime,” and the handwritten
stories about children, are circumstances the jury was entitled to consider as
circumstantial evidence to show intent. 
Therefore, we rule that the extraneous pictures were admissible as
exceptions under Rule 404(b). 
Appellant’s issue is overruled.  

Rule 403  

            However,
this does not end the inquiry.  We must
now consider whether or not the evidence although relevant and, therefore,
admissible, should have been disallowed due to the probative value of the
evidence being substantially outweighed by the danger of unfair prejudice.  Rule 403.  There is a presumption that evidence which is
deemed to be relevant is admissible.  See
Casey, 215 S.W.3d at 879.  Further, “‘probative value’ refers to the
inherent probative force of an item of evidence-that is, how strongly it serves
to make more or less probable the existence of a fact of consequence to the
litigation-coupled with the proponent’s need for that item of evidence.”  Id. 
Unfair prejudice refers not to the fact that the evidence injures a
party’s case or position, as virtually all evidence offered by one party will
prejudice the opponent’s case or position. 
Id. at 883.  Evidence is unfairly prejudicial when it
tends to have some adverse effect upon the defendant beyond tending to prove
the fact or issue that justifies its admission into evidence.  Id. 

            In
analyzing the current case, the first matter is the inherent probative force of
the evidence.  Id.
at 879.  The various pictures of
children, the child “erotica” and “anime,” and the handwritten stories were highly
probative of the fact that appellant had a fascination or preoccupation with
children.  Appellant’s defensive theory
was the lack of proof of the very issue these items tended to prove.  Therefore, the probative force of the
evidence in question is significant. 
Next, the proponent’s need for the evidence must be examined. Id. at 888.  As
pointed out previously, appellant’s trial position was that the State could
offer no proof that the pictures actually portrayed children.  Therefore, appellant’s knowledge
of, and preoccupation with, pictures of children, both those that might be
termed pornographic and otherwise, was critical to proving the State’s case.  This consideration would heavily favor
admission of the evidence.  From the
aspect of the subject matter of the trial, the evidence in question did not
distract the jury from their main inquiry, nor, did the evidence create a
situation where the jury would give undue credence to this evidence.  Id. 
This is because the evidence appellant complains of was much less
graphic and disturbing than the pictures for which he was indicted.  These factors favor admission of the
evidence.  Although the evidence in
question took some time to introduce, especially when compared to introduction
of the two photos charged in the indictment, the time did not seem to be
inordinate.  In the worst case situation,
the time factor should be considered neutral.  
Whereas the trial judge did not announce the results of his balancing
test, he is not required to do so.  See
Williams v. State, 958 S.W.2d 186, 195 (Tex.Crim.App. 1997). 
When a judge rules to admit evidence in face of a Rule 403 objection, he
is presumed to have made the required balancing test.  Id.

            There
were some pictures that contained adult pornographic material.  These pictures were seized at the same time
as the pornographic pictures of children, child anime or erotica, and the
handwritten stories.  The State contends
that the adult pornographic material must be considered same transaction
contextual evidence.  See Delgado
v. State, 235 S.W.3d 244, 253 (Tex.Crim.App.
2007).  We need not address the adult
pornography because, taking all of the information as
a whole, the introduction of the evidence was harmless beyond a reasonable
doubt.  This is so because the trial
court’s error, if any, in admitting the evidence made no contribution to the
guilty verdict or punishment in this case. 
See Pondexter v. State, 942 S.W.2d 577, 585 (Tex.Crim.App.
1996).

            Based
upon our review of the record and analysis of the evidence in question, we
cannot say that the trial court abused its discretion when it admitted the
contested items.  Accordingly,
appellant’s issue regarding the Rule 403 objection is overruled.

Conclusion

            Having
overruled appellant’s issue, the trial court’s judgment is affirmed.

            

                                                                                    Mackey
K. Hancock                                                                                                                                     Justice

Do not publish.    

 











[1] See Texas
Penal Code Ann. § 43.26(a) (Vernon 2003).





[2] Further reference to the Texas Rules of Evidence will
be by reference to “Rule ___” or “rule ___.”





[3] Further reference to the Texas Penal Code will be by
reference to “§ ___.”